**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

TERRI HICKLIN,

          Plaintiff-Appellee,

  v.

HARTFORD LIFE AND ACCIDENT
INSURANCE COMPANY, et al.,

          Defendants-Appellants.

Nos. 08-55071
     08-55522

D.C. No. 2:06-cv-04543-GAF-JTL

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Gary A. Feess, District Judge, Presiding

Argued and Submitted December 8, 2010
Pasadena, California

Before: TROTT and WARDLAW, Circuit Judges, and MOSMAN, District
Judge.[**]

    Terri Hicklin sued Hartford Life and Accident Insurance Company

("Hartford") for discontinuing her life insurance coverage and disability benefits.

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    [**]    The Honorable Michael W. Mosman, United States District Judge for
the District of Oregon, sitting by designation.

Ms. Hicklin's policy with Hartford granted Hartford discretion to determine eligibility for benefits. The district court reviewed Hartford's decision to discontinue benefits de novo and ordered Hartford to reinstate life insurance coverage and disability benefits and to pay retroactive disability benefits. Hartford appeals, arguing that its decision should have been reviewed only for abuse of discretion.

We review an ERISA administrator's decision de novo unless the plan grants the administrator discretionary authority to determine eligibility for benefits; then the review is for abuse of discretion. *Metro. Life Ins., Co. v. Glenn*, 554 U.S 105, 111 (2008). However, if the administrator commits "wholesale and flagrant violations of the procedural requirements of ERISA," the standard of review reverts back to de novo. *Abatie v. Alta Health & Life Ins. Co.*, 458 F.3d 955, 971 (9th Cir. 2006) (en banc).

The procedural violations cited by the district court are insufficient to justify reverting back to de novo review. But even when reviewed for abuse of discretion, this standard must be "tempered with skepticism" given the structural conflict presented by Hartford's simultaneous funding of the plan and evaluation of claims. *See id.* at 959. Reviewing the district court's findings under the proper *Abatie* standard, we conclude that the district court was justified in ordering reinstatement

2

of life insurance coverage and disability benefits and retroactive payment. We also conclude, given the evidence submitted by the parties in this case, that the district court did not err in finding Hicklin was a manager, and thus entitled to the higher level of benefits for managers. Nor did the district court abuse its discretion by awarding Hicklin attorneys' fees or in the amount of its award.

AFFIRMED.